UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THOMAS CRAWFORD,

                              Plaintiff,

                                                                           Case # 13-CV-6638-FPG

v.

                                                                           DECISION & ORDER

WILLIAM HUGHES, et al.,

                              Defendants.
_____

      *Pro se* Plaintiff Thomas Crawford ("Plaintiff") brought this action against Defendants William Hughes, Jason Roberts, Daniel Cheney, Christopher Wegner, Mark Bradt, and Kathleen Sault based on alleged violations of his constitutional rights while housed at Attica Correctional Facility ("Attica"). ECF No. 1. On March 30, 2016, the Court granted Defendant Bradt's motion to dismiss and denied two motions for temporary restraining orders filed by Plaintiff. ECF No. 45.

      Subsequently, Plaintiff has filed a motion for reconsideration of the Court's previous decision, ECF No. 47, several other motions for injunctive relief, ECF Nos. 48, 53, 65, 66, and a motion to appoint counsel, ECF No. 58. For the reasons stated below, those motions are denied.

**I.  Motion for Reconsideration**

      As relevant here, the Court's previous decision granted Defendant Bradt's motion to dismiss and denied two motions for temporary restraining orders filed by Plaintiff. ECF No. 45. Plaintiff asks that the Court reinstate his claims against Bradt and grant his motions for temporary restraining orders. ECF No. 47.

      Rule 60 of the Federal Rules of Civil Procedure governs relief from a court judgment or order, and therefore applies to Plaintiff's motion for reconsideration. Fed. R. Civ. P. 60. The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be

denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). "A motion for reconsideration should be granted only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and internal quotation marks omitted); *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc.*, 684 F.3d at 52 (citation omitted). Accordingly, on a motion for reconsideration, a party may not merely offer the same "arguments already briefed, considered and decided," nor may a party "advance new facts, issues or arguments not previously presented to the Court." *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990).

Here, Plaintiff fails to demonstrate that reconsideration is warranted. With respect to Defendant Bradt, Plaintiff argues that the Court's legal opinion was "inaccurate" and that the Court improperly granted Bradt "absolute immunity." ECF No. 47 (citing *Gilbert v. Selsky*, 867 F. Supp. 159, 163 (S.D.N.Y. 1994) and *Wahad v. F.B.I.*, 813 F. Supp. 224 (S.D.N.Y. 1993)). But the Court did not grant absolute immunity to Bradt; rather, the Court simply held that Plaintiff's complaint did not contain sufficient factual allegations to hold Bradt liable under 42 U.S.C. § 1983, 42 U.S.C. § 1981, or 42 U.S.C. § 1985. ECF No. 45, at 4-7. Specifically, Plaintiff's complaint did not contain sufficient factual allegations regarding Bradt's personal involvement in the alleged violations of Plaintiff's rights. *Id.*

With respect to Plaintiff's motions for temporary restraining orders, the Court held in its previous decision that "neither motion provides a sufficient basis for the Court to grant the relief

2

Plaintiff has requested." *Id.* at 9.  The Court denied Plaintiff's request to be housed somewhere other than Wende Correctional Facility ("Wende") or Attica because Plaintiff had already been transferred to Great Meadow Correctional Facility ("Great Meadow"), where he is currently housed.  *Id.*  The Court denied Plaintiff's request for an order to stop Great Meadow employees "from moving me cell to cell, block to block in attempts to place me with enemies they know I have" for two reasons.  First, Plaintiff did not demonstrate any connection between his treatment at Great Meadow and the events at Attica that gave rise to this case.  *Id.* at 10.  Second, the Court does not have jurisdiction over any Great Meadow employees in this case, none of whom are parties to this action.  *Id.*  Nothing in Plaintiff's motion for reconsideration justifies reconsideration of those findings.  Plaintiff's conclusory assertion that Attica, Wende and Great Meadow "network together to retaliate against certain valid allegations against them," ECF No. 47, is insufficient.

Therefore, Plaintiff's motion for reconsideration is denied.

## II.    Motions for Injunctive Relief

Plaintiff has filed several motions seeking injunctive relief.  ECF Nos. 48, 53, 65, 66.  Again, these motions must be denied because the Court cannot grant Plaintiff the relief he requests.

Plaintiff's first motion involves a John Doe correctional officer at Great Meadow.[1]  ECF No. 48.  Plaintiff alleges that this officer "is now taunting me, repeating my words, . . . and looking at me in a gay homosexual manner" in order to provoke Plaintiff into a physical confrontation.  *Id.*  Plaintiff requests that the Court "restrain this officer from coming in proximity to my cell and living areas."  *Id.*

---

[1]    In a previous motion, Plaintiff alleged that this same officer squeezed his penis and attempted to provoke him into a physical confrontation.  ECF No. 43.

3

Plaintiff's second motion requests "an investigation" into certain allegations regarding Officer Pew and Deputy Superintendent of Security Brown, neither of whom are parties to this case. ECF No. 53.

Plaintiff's third motion asks the Court to assist Plaintiff in obtaining a new Program Card and ID Card. ECF No. 65. Plaintiff alleges that these cards were wrongly taken away from him by an unknown officer after a metal detector alarmed. *Id.*

Lastly, Plaintiff alleges that Attica, Great Meadow, and Southport Correctional Facility have formed "a special union to retaliate against pro se litigators" and that Sergeant Cross said "here comes the rats!" to Plaintiff and several other known "litigators." ECF No. 66. Plaintiff requests that the Court issue an order "to stop the obstruction of justice and stop impeding the mail process to this Court." *Id.*

As the Court explained in its previous decision, Plaintiff's requests cannot be granted. First, "[t]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *Mitchell v. New York State Dep't of Corr. Servs.*, No. 06-CV-6278, 2011 WL 6148598, at *1 (W.D.N.Y. Oct. 19, 2011) (quoting *Candelaria v. Baker*, No. 00-CV-0912E(SR), 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006)). Plaintiff has not demonstrated any connection between the allegations in his motions for injunctive relief and the events at Attica that gave rise to this case.[2] Second, a court may not issue an injunction against someone unless the court has acquired valid personal jurisdiction over that person. *Weitzman v. Stein*, 897 F.2d 653, 658-59 (2d Cir. 1990); *Tobin v. Doe*, No. 3:04-CV-952 (SRU), 2006 WL 680507, at *3 (D. Conn. Mar. 15, 2006). The Court does not have jurisdiction over any of the people named in Plaintiff's motions for injunctive relief, none of whom are parties to this case.

---

[2] As mentioned above, Plaintiff's conclusory assertions—for example, that Attica, Wende and Great Meadow employees "network together to retaliate against certain valid allegations against them"—are insufficient.

Therefore, Plaintiff's motions for injunctive relief (ECF Nos. 48, 53, 65, 66) are denied.

### III. Motion to Appoint Counsel

Lastly, Plaintiff requests that the Court appoint counsel to represent him in this matter. That motion is denied without prejudice.

There is no constitutional right to appointed counsel in civil cases. The Court may appoint counsel to assist indigent litigants under 28 U.S.C. § 1915(e), but trial courts have broad discretion in determining whether such assignments are warranted. *See, e.g., Sears, Roebuck & Co. v. Charles Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988); *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The Court must consider the issue of appointment carefully, because "every assignment of a volunteer lawyer deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). In determining whether to assign counsel, the Court considers several factors, including whether the indigent's claims seem likely to be of substance; whether the indigent is able to investigate the facts concerning his claim; whether the legal issues are complex; and whether there are special reasons why the appointment of counsel would be more likely to lead to a just determination. *See Hendricks v. Coughlin*, 114 F.3 390, 392 (2d Cir. 1997); *Hodge v. Police Officers,* 802 F.2d 58 (2d Cir. 1986).

After considering these factors, the Court finds that appointment of counsel is not warranted at this time. Plaintiff has demonstrated his ability to pursue and present his claims, and the issues in this case—namely, the alleged use of excessive force, discrimination, and denial of due process at a disciplinary hearing—are not complex. Plaintiff has also failed to demonstrate that he is likely to succeed on the merits of his complaint. Therefore, Plaintiff's motion to appoint counsel is denied without prejudice.

**CONCLUSION**

For the reasons stated above, Plaintiff's motions for reconsideration (ECF No. 47), for injunctive relief (ECF Nos. 48, 53, 65, 66), and to appoint counsel (ECF No. 58) are DENIED.

IT IS SO ORDERED.

Dated: January 13, 2017
       Rochester, New York

                                                    _____
                                                    HON. FRANK P. GERACI, JR.
                                                    Chief Judge
                                                    United States District Court