UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

THOMAS CRAWFORD,
         Plaintiff,

v.

HUGHES, et al.,
         Defendants.

---

**DECISION & ORDER**
13-CV-6638-FPG-JWF

Currently before the Court are plaintiff's (1) motion to compel interrogatory responses (Docket # 79), (2) motion for sanctions – which was filed as a motion to sever (Docket # 85), (3) motion to compel video footage (Docket # 91), and (4) motion to compel policies and procedures (Docket # 104). For the reasons that follow, I deny plaintiff's first three motions and grant in part and deny in part plaintiff's fourth motion.

## Discussion

Motion to Compel Interrogatory Responses (Docket # 79): Plaintiff demands that defendants "answer the interrogatories completely, precisely and be specific in their responses." Docket # 79. Plaintiff disputes the truthfulness of defendants' responses to his interrogatories and argues that their objections are improper. The Court disagrees.

First, defendants are only required to answer the questions stated by the interrogatories. Plaintiff has not identified any instance in which defendants failed to answer the question posed

1

by plaintiff or improperly objected to an interrogatory. Nor can the Court discern any evasiveness on the face of defendants' responses. Instead, plaintiff's interrogatories posed mostly yes or no questions, to which defendants responded with yes or no answers. Defendants need not provide more information in their answers than the questions call for. If plaintiff wants elaboration on defendants' answer to any specific interrogatory, he should submit supplemental interrogatories.

Second, plaintiff appears to dispute the truthfulness of various statements contained in the defendants' responses to his interrogatories. Absent evidence of fraud or other sanctionable conduct, the issue of whether the answers submitted by the defendants are credible is not for the Court to determine at this juncture of the litigation. Plaintiff may challenge the veracity of party or witness at trial, but such an attack is ordinarily not relevant to determining a motion to compel. Thus, to the extent plaintiff objects to the substance of defendants' responses, those objections are misplaced and plaintiff's motion to compel (Docket # 79) is **denied**.

Motion for Sanctions (Docket # 85): Plaintiff demands that the Court bring a "perjury, obstruction of justice and tampering with evidence charge against Defendant K Sault who made a false statement to the Court while under oath." Docket # 85. The Court

2

construes this as a motion for sanctions under Federal Rule of Civil Procedure 37.

Plaintiff argues that defendant Kathleen Sault's interrogatory responses, answered under oath, conflict with medical records provided by defendants. In response to several of plaintiff's questions regarding defendant Wegner, defendant Sault responded, "I do not recall seeing C.O. Wegner." See Docket # 75, at 3. Yet Sault signed a medical report indicating that she had examined Wegner. See Docket # 85, at 3.

This discrepancy alone does not compel sanctions. Motions to compel discovery are not intended to resolve underlying factual disputes, and it is far from clear whether Sault's responses were, at the time she made them, untrue. For example, Sault may have seen Wegner at the time of the injury, but may no longer remember it. Plaintiff may explore this apparent discrepancy through further discovery. Moreover any discrepancies in the record may raise an issue of fact that can be relevant in determining a dispositive motion or at trial. But, for now the Court is satisfied that the statements discussed above do not warrant sanctions. Defendants are reminded of their obligation under Fed. R. Civ. P. 26(e) to supplement answers to their interrogatories in a timely matter if they learn "that in some material respect the disclosure or response is incomplete or incorrect." Accordingly, plaintiff's motion for sanctions (Docket # 85) is **denied.**

Motions to Compel Video and Policies (Docket ## 91 & 104):

Plaintiff moves to compel disclosure of video camera coverage of a specific incident and any policy or procedure regarding destruction of video footage. Docket ## 91 & 94. At an August 30, 2017 conference, plaintiff and defendants agreed that the video recording would <u>not</u> show the altercation that is the basis of plaintiff's complaint. However, plaintiff wanted the tape preserved because he says it would undermine one defendant's account of the underlying altercation, as memorialized in an incident report. If that defendant's account were accurate, the plaintiff argues, the tape would show the altercation. Plaintiff claims that the incident did not take place where the defendant says it took place and that fact would be substantiated by the video tape. Assistant Attorney General Gary Levine informed the Court at the Rule 16 scheduling conference[1] that the video tape plaintiff was seeking was destroyed pursuant to a DOCCS policy. The Court ordered defendants to produce the policy pursuant to which the tape was destroyed within 20 days.

Mr. Levine provided plaintiff a copy of the policy on September 12, 2017. That policy indicates that tapes are destroyed upon determining they do not depict a "special incident". According to the policy, "A special incident would include any

---

[1] Defendant also acknowledged that his motion for mandatory disclosure (Docket # 80) and motion for appointment of expert witnesses (Docket # 94) were moot. I denied those motions as moot on August 31, 2017. Docket # 101.

4

instance such as those incidents that result in serious injury to staff or inmate, spitting, strip search or strip frisk, or a serious violation of the Standards of Inmate Behavior or penal law." Attica Correctional Facility FOM #3.407, Video Camera & Tape Guidelines (5-5-17).

Plaintiff filed a motion to compel on September 11, 2017 (see Docket # 104), in which he renewed his request for disclosure of (1) the policy and procedure for conducting (or destroying) the video coverage, and (2) the Inspector General's use of force report, which he complains has not yet been provided to him. Plaintiff also claims that defendants have violated some unspecified court order and have obstructed justice and impeded prosecution.

Plaintiff's first request is moot because Mr. Levine timely disclosed the policy or procedure for destroying the video tape. Plaintiff's second request is granted to the extent the defendants have not yet disclosed the use of force reports arising from the incident alleged in the complaint. Any such reports should be disclosed to plaintiff forthwith.

Letter Requests for Mandatory Disclosures and Transcripts: Plaintiff also filed a letter referring to this Court's August 31, 2017 Order in which the Court denied plaintiff's motion for mandatory disclosures as moot based on plaintiff's statements at the conference on August 30, 2017. See Docket # 101. In his

letter, plaintiff claimed, "[y]ou stated that I agreed to a issue [sic] of compelling a mandatory disclosure moot. I did not." Docket # 108.

At the scheduling conference I noted that it appeared the motion to compel mandatory disclosures was moot because plaintiff had been provided with mandatory disclosures, which were filed on February 22, 2017. See Rule 26 Disclosures, Feb. 22, 2017 (Docket # 82). Plaintiff responded "yes." (See Audio Recording of Aug. 30, 2017 proceedings at 10:45). Plaintiff now requests a transcript of those proceedings because he disagrees that mandatory disclosures were made. See Docket # 110. Like any party, plaintiff may obtain a transcript by contacting the Clerk's office to order production of a written transcript. However, plaintiff will be responsible for paying for the cost of producing the transcript.

Plaintiff is advised that some of the confusion regarding this issue may stem from the use of the term "mandatory disclosure." The Court uses this term in reference to certain disclosures required under Federal Rule of Civil Procedure 26 and this Court's December 2, 2017 scheduling order (Docket # 61). It does not refer – as plaintiff may think – to subsequent discovery demands made by plaintiff to which defendants are independently obligated to respond to as part the exchange of discovery. Pursuant to the Court's scheduling order, the defendants were

6

required to make several initial disclosures to plaintiff by January 31, 2017. They failed to do so, and plaintiff filed a motion to compel production of these "mandatory disclosures" on February 13, 2017. However, on February 22, 2017, the defendants filed the disclosures required by the Court. See Docket # 82. As a result, the plaintiff's motion to compel these particular required disclosures was fulfilled and is therefore now **moot**. This finding relates only to the mandatory disclosures required by the Court's December 2, 2016 Order and does not affect disclosure of any other documents plaintiff has demanded.

## Conclusion

For the reasons set forth above, plaintiff's motion to compel interrogatory responses (Docket # 79) is **denied**; plaintiff's motion for sanctions (Docket # 85) is **denied**; plaintiff's motions to compel video footage and policies (Docket ## 91, 104) are granted to the extent defendants have not yet disclosed the use of force reports arising from the incident alleged in the complaint and **denied** in all other respects.

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: March 20, 2018
Rochester, New York