UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THOMAS CRAWFORD,

                                    Plaintiff,

                                                                                          Case #13-CV-6638-FPG

v.

                                                                                      DECISION AND ORDER

OFFICER CHRISTOPHER WEGNER,
SERGEANT CHENEY, NURSE K. SAULT,
INMATE ASSISTANT J. ROBERTS, and
DEP. SUPT. SECURITY HUGHES,

                                    Defendants.
_____

## INTRODUCTION

On July 23, 2018, Plaintiff Thomas Crawford filed a Notice of Appeal, ECF No. 132, regarding United States District Court Judge Michael A. Telesca's Decision and Order, ECF No. 124, granting Defendants' Motion for Summary Judgment, ECF No. 105, as to all claims except Thomas's excessive force claim against Defendant Officer Christopher Wegner. ECF No. 130. Three days later, Thomas moved to stay trial, currently scheduled for October 1, 2018, on the excessive force claim pending his appeal of Judge Telesca's D&O and moved the Court to appoint counsel to assist him in the trial.

For the reasons stated, Thomas's Motions are DENIED.

## DISCUSSION

**I.    Motion to Stay Trial**

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *see also Leonhard v. United States*, 633 F.2d 599, 609 (2d Cir. 1980) ("Normally the filing

of a timely and sufficient notice of appeal immediately transfers jurisdiction, as to any matters involved in the appeal, from the district court to the court of appeals."). District courts, however, should not blindly decline jurisdiction once a notice of appeal is filed—they must ensure that the rule's application is "faithful to the principle of judicial economy[.]" *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996).

A district court must consider four factors when deciding whether to stay proceedings pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

Here, Thomas's Motion to Stay Trial fails for two reasons. First, the Court was not divested of jurisdiction over the excessive force claim. Judge Telesca's D&O dismissed all other claims against Defendants other than Wegner. *See* ECF No. 124. Consequently, the Court is entitled to move forward with trial. Indeed, the principle of judicial economy supports its decision to do so.

Second, the factors outlined in the *World Trade Center* decision weigh in favor of denying Thomas's Motion. Thomas has not made a strong showing that he will exceed on the merits. He will not be injured absent a stay; in fact, the swift resolution of his case is in his interest. Staying trial will injure Wegner only to the extent that the trial is delayed further. And, finally, the public interest lies in a quick resolution. *See In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d at 170-71 (finding that there is a public interest in resolving trial issues quickly). Accordingly, Thomas's Motion to Stay Trial is DENIED.

## II. Motion to Appoint Counsel

There is no constitutional right to appointed counsel in civil cases. The Court may appoint counsel to assist indigent litigants under 28 U.S.C. § 1915(e), but trial courts have broad discretion in determining whether such assignments are warranted. *See, e.g., Sears, Roebuck & Co. v. Charles Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988); *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The Court must judiciously appoint counsel, since "every assignment of a volunteer lawyer deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). In determining whether to assign counsel, the Court considers several factors, including whether the indigent's claim seems likely to be of substance; whether the indigent is able to investigate the facts concerning his claim; whether the legal issues are complex; and whether there are special reasons why the appointment of counsel would be more likely to lead to a just determination. *See Hendricks v. Coughlin*, 114 F.3 390, 392 (2d Cir. 1997); *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

Here, the Court finds that appointment of counsel is not warranted at this time. Plaintiff has demonstrated his ability to pursue and present his claims effectively. Additionally, the remaining claim in this case—the excessive force claim—is not complex. Plaintiff has also shown no special reason why the appointment of counsel would be more likely to lead to a just determination. Consequently, Thomas's Motion to Appoint Counsel is DENIED.

## CONCLUSION

For the reasons stated, Thomas's Motions to Stay Trial and Appoint Counsel, ECF No. 132, are DENIED.

IT IS SO ORDERED.

Dated: August 1, 2018
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court