UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THOMAS CRAWFORD,

                              Plaintiff,

                                                                           Case #13-CV-6638-FPG

v.

                                                                           DECISION AND ORDER

OFFICER CHRISTOPHER WEGNER,

                              Defendants.

## INTRODUCTION

On December 2, 2013, *pro se* Plaintiff Thomas Crawford filed a complaint containing four claims against various defendants, including an excessive force claim against Officer Christopher Wegner. ECF No. 1. Over four-and-a-half years later, on June 22, 2018, United States District Judge Michael A. Telesca issued a decision and order dismissing all claims except the excessive force claim against Wegner. ECF No. 124.

Nearly four months later, on October 1, 2018, trial on the excessive force claim began. ECF No. 146. It ended the next day when the Court granted Wegner's motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(a). ECF No. 147. Crawford now moves for a new trial under Rules 50 and 59 because, as he argues, the Court improperly granted Wegner's motion for judgment as a matter of law.[1] ECF Nos. 149, 152. For the reasons stated, his motion is denied.

---

[1] Crawford makes a variety of other arguments: the Court engaged in "judicial sabotage," deceit, and coercion; made improper statements to the jury; improperly ruled on objections and denied his motions to appoint counsel; refused to acknowledge objections to Judge Telesca's decision and order and prior rulings by United States Magistrate Judge Jonathan W. Feldman; and acted in concert with defense counsel and Wegner. ECF Nos. 149, 152. The Court considers only Crawford's challenge to its ruling on Wegner's Rule 50 motion because (1) the Court is required to read Crawford's motion "to raise the strongest arguments" it suggests, *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 478 (2d Cir. 2006), and (2) the Court's review is limited to the basis of its decision on the Rule 50(a) motion when a motion for a new trial follows such a ruling, *see Gardiner v. Inc. Vill. of Endicott*, 838 F. Supp. 32, 34-36 (N.D.N.Y. 1993).

**DISCUSSION**

**I.     Legal Standard**

When a plaintiff moves for a new trial after a court grants a defendant's Rule 50(a) motion, the court reviews its ruling to ensure that it was proper. *See Stowe v. Nat'l R.R. Passenger Corp.*, 793 F. Supp. 2d 549, 562-67 (E.D.N.Y. 2011); *Gardiner v. Inc. Vill. of Endicott*, 838 F. Supp. 32, 34-36 (N.D.N.Y. 1993). In so doing, the court must outline the law underlying any claim it dismissed and the facts elicited at trial and weigh both under the Rule 50(a) standard. *Id.*

Under Rule 50(a)(1), a court may grant a motion for judgment as a matter of law if "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." *Meloff v. New York Life Ins. Co.*, 240 F.3d 138, 145 (2d Cir. 2001).

**II.    Analysis**

The Eighth Amendment prohibits cruel and unusual punishment, which includes the use of excessive force against an inmate. *Burroughs v. Mitchell*, 325 F. Supp. 3d 249, 269 (N.D.N.Y. 2018). An inmate alleging a violation of his Eighth Amendment rights due to excessive force must prove two elements: "(1) subjectively, that the defendant acted wantonly and in bad faith, and (2) objectively, that the defendant's actions violated contemporary standards of decency." *Id.* (quoting *Blyden v. Mancusi*, 186 F.3d 252, 262-63 (2d Cir. 1999)) (quotation marks omitted). The key inquiry into a claim of excessive force, embodied in the first element, is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)) (quotation marks omitted). Indeed, courts have consistently held that using force on an inmate "does not violate his constitutional rights if done to maintain institutional security." *Heyliger v. Krygier*, No. 6:14-CV-

06123 EAW, 2018 WL 4691044, *5 (W.D.N.Y. Sept. 28, 2018) (citing *Whitley v. Albers*, 475 U.S. 312, 322 (1986)); *see also Kee v. Hasty*, No. 01 CIV.2123(KMW)(DF), 2004 WL 807071, at *12 (S.D.N.Y. Apr. 14, 2004) ("Where a prison disturbance was in progress at the time of the alleged constitutional violation, wide-ranging deference must be accorded to the actions of the prison officials in quelling the disturbance." (quotation marks omitted)).

Finally, the injuries an inmate sustains may indicate whether a defendant used excessive force. *Id.* (concluding that no rational jury could find an Eighth Amendment violation where plaintiff incurred abrasions on his face and elbow and lacerations on his head, hand, and near his eye, when prison guards broke up a prison fight); *see also Hernandez v. Jones*, No. 06 CV 3738 ARR, 2006 WL 3335091, at *2 (E.D.N.Y. Oct. 10, 2006) (finding no Eighth Amendment violation where a prison guard allegedly sprayed pepper spray in plaintiff's face and threw him to the ground, resulting in a bump on his head).

At trial, Wegner was the only source of testimony regarding the encounter between Crawford and him. All the witnesses that Crawford called were not present for the scuffle and had no knowledge of it, and Crawford refused to testify.

According to Wegner, he was delivering mail around the prison and arrived on Crawford's cell block to deliver mail to Crawford and other inmates housed near him. As Wegner arrived onto the cell block, he observed Crawford standing outside of his cell, yelling. He could not recall about what Crawford was yelling but noticed that he was upset.

Once Crawford noticed Wegner, Crawford indicated that he wanted to fight. In response, Wegner commanded Crawford to "lock in" to his cell, *i.e.*, enter his cell so that the door to it could be closed and locked. Crawford refused two or three commands to lock in.

When Wegner reached the cell door and was near Crawford, Crawford punched him in the face. Calling on his training, Wegner stepped toward Crawford, grabbed him, simultaneously pushing him backwards into his cell, and then grappled with him in the cell. Shortly after they began wrestling, Crawford bit Wegner on the left cheek, which alarmed Wegner. In response, Wegner pushed Crawford away from him and punched Crawford in the face. Crawford, apparently unconscious or close to it, fell face-first to the floor, ending the fight. Wegner then exited the cell and the cell block. As he left, he noticed the prison response team arriving.

Per protocol, Wegner and Crawford were separated and taken to the medical unit in the prison for examination. Crawford's injuries, memorialized in an inmate injury report admitted into evidence, were minimal: he exhibited redness and swelling around his left eye and a broken fingernail on the small finger of his left hand.

Based on the uncontroverted testimony from Wegner, the Court found that no reasonable jury could return a verdict in Crawford's favor. The Court noted that Wegner's use of force was proper given the circumstances of his encounter with Crawford and that Crawford chose not to testify despite the Court questioning that decision numerous times at sidebar and in open court. Put simply, Wegner's version of the events was the only version in evidence.

Upon review, that conclusion holds true. There is no evidence before the Court that Wegner used excessive force during his scuffle with Crawford. In fact, the evidence shows that Crawford sought out the fight with Wegner and that Wegner used the minimum amount of force necessary—a period of wrestling and a single punch—to ensure his safety, Crawford's safety, and the security of the prison.

Additionally, the injuries Crawford sustained support that conclusion and Wegner's version of the events. The redness and swelling around Crawford's left eye undoubtedly resulted

from Wegner's punch, and the broken fingernail likely resulted from the brief wrestling between Wegner and Crawford. The injuries do not indicate a more intense fight or the use of excessive force.

## CONCLUSION

For the reasons stated, Crawford's motion for a new trial, ECF Nos. 149, 152, is DENIED.

IT IS SO ORDERED.

Dated: November 26, 2018
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court